Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

**CRISTIAN TAVAREZ,** *Individually and on behalf of others similarly situated,*

               **Plaintiff**

v.

**ROBERT CAPORUSCIO Individually**
**and DON ANTONIO RESTAURANT, LLC**
**d/b/a DON ANTONIO by STARITA**

               **Defendants.**

-------------------------------------------------------------------x

**COMPLAINT**
Index No.

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

1. Plaintiff, Cristian Tavarez ("Tavarez" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid minimum wage and overtime hours worked, while employed by Don Antonio Restaurant, LLC d/b/a Don Antonio by Starita ("Don Antonio") and

Robert Caporuscio ("Caporuscio"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Tavarez, a resident of New York State, was employed as a food preparation/kitchen worker and deliveryman for Defendant Don Antonio from on or about July 2012, until January 2014. Plaintiff was employed by Defendants Don Antonio and Caporuscio during the relevant limitations periods.

4. Plaintiff's consent to sue form is attached as Exhibit "A."

5. Defendant Don Antonio is a New York Corporation. Defendant Don Antonio is a restaurant located at 309 West 50th Street, New York, NY 10019.

6. Upon information and belief, Don Antonio has an annual gross volume of sales in excess of $500,000.00.

7. At all relevant times, Don Antonio has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

8. Upon information and belief, Defendant Caporuscio is an owner and operator of Don Antonio.

9. Upon information and belief, Defendant Caporuscio exercises control over Don Antonio's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

10. Defendant Caporuscio was an employer of Plaintiff during the relevant time period.

11. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at one and one half times their regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA

Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

17. Defendants committed the following alleged acts knowingly, willfully and intentionally.

18. Defendants knew that the nonpayment of overtime pay to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

19. Throughout the course of his employment at Don Antonio, Plaintiff regularly worked six (6) days per week at Don Antonio.

20. Five (5) days per week, Plaintiff frequently worked eight and one half (8.5) hours per day, from 7:00 am through 3:30 pm, as a food preparation/kitchen worker.

21. On Plaintiff's sixth (6th) day of the workweek (Fridays), Plaintiff frequently would work from 7:00 am until 11:30 am, doing food preparation and cleaning work. From 11:30 am until 12:00 pm, Plaintiff would work in the kitchen, and also making food deliveries as required.

22. Throughout the course of his employment at Don Antonio, Plaintiff regularly worked at least ten (10) hours per day.

23. Plaintiff and the FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek.

24. Plaintiff was paid in check at a rate of $9.00 per hour, and would make around $309.00 per week after taxes were deducted.

25. Plaintiff was also paid at a rate of $9.00 per hour for all hours worked over forty (40) per week.

26. This weekly salary did not vary based on his works worked.

27. Plaintiff also received an average of $15.00-$20.00 per week in tips, which he received in cash.

28. Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

29. Defendants did not pay Plaintiff a spread of hours premium pursuant to New York state law when his workdays lasted ten (10) or more hours.

30. Defendants did not provide Plaintiff and the FLSA Collective Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

31. Defendant Caporuscio hired Plaintiff.

32. Defendant Caporuscio set Plaintiff's rate of pay and schedule.

33. Defendants failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

34. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff, and the FLSA Collective Plaintiffs.

36. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

37. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

40. Defendants have willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

41. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

42. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 146-1.6

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiff regularly had workdays that lasted more than ten (10) hours.

45. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays exceeded ten (10) hours, as required by New York law.

46. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be

determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

### FOURTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

49. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

50. Defendants' failure to make, keep and preserve accurate records was willful.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs prays for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance

of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Penalties available under applicable laws;

f. Costs of the action incurred herein, including expert fees;

g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
      July 21, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____
Darren P.B. Rumack
11 Broadway, Suite 960,
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Don Antonio Restaurant LLC and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Cristian Tavarez_     _07/20/16_       _Cristian Tavarez_
Signature                 Date                 Printed Name