

# THE KLEIN LAW GROUP, P.C.

### KLEIN, KLEIN, TILLES & RUMACK
11 BROADWAY
SUITE 960
NEW YORK, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301

SUSAN KLEIN
DAVID KLEIN
LESLIE TILLES*
DARREN P.B. RUMACK*†*

XIAN-MING LEI†
STEVEN G. DAVIS

*Member N.Y. & N.J. Bar
†Southern District of New York and the Eastern District of New York
*Also Admitted in District of Columbia

ALAN QUIG
Licensed New York State
Workers' Compensation
Representative

www.thekleinlawgroup.com

October 21, 2016

Hon. Paul A Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   **Tavarez v. Caporuscio et al.**
      **16-cv-5812 (PAE)**

Your Honor:

This letter is written in request of the Court's approval of the settlement in the above-captioned case. The parties have reached a formal settlement agreement in the amount of $13,000.00, inclusive of attorneys' fees and costs in the amount of $4329.00, and now seek the Court's formal approval of this settlement agreement. A copy of the settlement agreement is attached hereto as Exhibit "A."

## I.   Background

Plaintiff filed this Complaint on July 21, 2016 seeking damages for unpaid overtime under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). Plaintiff was employed as a food preparation/kitchen worker and deliveryman for Defendant Don Antonio from on or about July 2012, until January 2014 and alleges he was not paid overtime for hours worked above forty (40) per workweek.

## II.   The Parties' Settlement for $13,000.00 Should Be Approved

The Second Circuit has held that settlements of FLSA claims require judicial approval. See Cheeks v Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding that, "[r]ule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of

the district court or the DOL to take effect."). In determining whether to approve a proposed FLSA settlement, relevant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

See Camacho v. Ess-a-Bagel, Inc., Index No. 14-cv-2592, 2014 U.S. Dist. LEXIS 171649, *4-6 (S.D.N.Y. Dec. 11, 2014). The settlement in the instant action meets all five criteria, and therefore the parties jointly ask the Court to approve the settlement.[1]

### a. Possible Range of Recovery

Based on the undersigned's analysis, Plaintiff determined that the potential maximum recovery in this action was $26,945.00. A chart containing Plaintiff's proposed damages is attached hereto as Exhibit "B."

The proposed settlement of $13,000.00, therefore, is 48.24% of the total damages available to Plaintiff if he was able to prove his overtime claims AND entitlement to liquidated damages under the FLSA and NYLL, and represents a recovery greater than the total backpay owed if no liquidated damages were awarded. Defendant maintains that even if Plaintiff was successful on his claims, there would be no entitlement to liquidated damages.

### b. Primary Factual Dispute and Risks

The primary area of dispute between the parties was twofold. First, the Defendants maintain that Plaintiff was in fact paid overtime for his hours worked over forty (40) per week. Second, Defendants dispute that Plaintiff's alleged hours worked, and that payroll records will indicate that no damages were owed.

As a result, Plaintiff faced substantial litigation risks. First, there was a fact-specific inquiry involved as to whether Plaintiff was paid overtime, and second, were the hours worked alleged in the Complaint accurate. Although Plaintiff believes that he has a strong case, there was significant risk for both parties to engage in protracted and costly litigation over these issues, with no guarantee of recovery for the Plaintiff.

### III.   Fairness of Proposed Agreement

---

[1] There is no corresponding obligation for the parties to seek approval of the claims asserted based upon the New York Labor Law. See Wright v Brae Burn Country Club, Inc., 2009 US Dist LEXIS 26492, at *11 (S.D.N.Y. Mar. 20, 2009) (holding that "there is no express restriction on the private settlement or waiver of wage and hour claims under New York law.").

Plaintiff believes that the $13,000.00 settlement amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of extensive discovery.

Each settling party is represented by experienced counsel. Each counsel's practice focuses on employment law and each individual attorney has significant experience in FLSA matters. Plaintiffs' counsel is an attorney who primarily handles FLSA cases. Defendants' counsel similarly focuses its practice in the area of employment law, including matters brought under the FLSA.

As discussed, there were several contested issues that made the settlement of the claims asserted in this action difficult. The parties exchanged numerous demands and counterproposals prior to reaching the settlement of this action for $13,000.00.

The contested issues demonstrate there was no fraud or collusion. See Meigel v. Flowers of the World, NYC, Inc., No. 11-cv-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement). Additionally, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the agreement.

## IV.  **Attorneys' Fees**

Pursuant to the retainer agreement between Plaintiff and counsel, Plaintiff's attorneys' fees are $4329.00, which equals 33.33% of the $13,000.00 Settlement Payment. In re Lawrence, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). As Judge Pitman has explained, Cheeks does not require the Court to review a plaintiff's fee arrangement with his attorney:

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under Cheeks . . . . As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

Villalva-Zeferino v. Park, No. 15-CV-6932 (HBP), 2016 WL 740387, at *2 n. 2 (S.D.N.Y. Feb. 17, 2016); Gutierrez v. 352 E. 86th St. Rest. Inc. d/b/a "Gracie's Corner Diner" et al., No. 15 Civ. 2064, 2016 WL 750940 at *1 n. 1(S.D.N.Y. Feb. 19, 2016).

Plaintiff's counsel's lodestar is currently $3911.25, which represents 10.24 hours worked on this file. As such, we believe that the contingency fee in this case is fair and reasonable. See Exhibit "C," a true and correct copy of Plaintiff's counsel's contemporaneous time records. The

undersigned attorney billed at a rate of $400.00 per hour. I graduated from Vanderbilt University Law School in 2007, and worked at Fox Rothschild LLP from 2007 through early 2010, a national law firm where I practiced employment litigation defense, with my primary focus on wage and hour class and collective action cases. I have worked at The Klein Law Group PC since June 2010, and became partner in early 2016. At The Klein Law Group, I have served as the attorney of record for dozens of wage and hour lawsuits in the Southern District of New York and the Eastern District of New York.

The one-third fee requested is a fair and reasonable amounts, as it was not only agreed upon by Plaintiff and counsel in the retainer agreement, but is also routinely approved by courts in the Second Circuit. See Flores v. Anjost Corp., No. 11-CV-1531 (AT) 2014 WL 321831, at 9 (S.D.N.Y. Jan. 28, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277, at 1 (E.D.N.Y. Sept. 19, 2013); Mireku v. Red Vision Sys., Inc., No. 11-CV-9671 (RA) (JLC), 2013 WL 6335978, at *3 (S.D.N.Y. Dec 6, 2013).

Therefore, for the reasons above, the parties maintain that the proposed settlement is fair and reasonable, and request the Court approve the Settlement Agreement and enter an order approving the proposed notice, and dismissing the action. Defendants do not oppose this motion.

Dated: October 21, 2016

**The Klein Law Group P.C.**


Darren Rumack, ESQ.
Attorneys for Plaintiff
11 Broadway Suite 960
New York, NY 10004
212-344-9022


c.c.    Zev Singer (via ECF)
        counsel for Defendants